On petitioner Yamhill County's petition for review filed October 16 of an order by the Court of Appeals dated September 11, dismissing petitioner's petition for judicial review; petition allowed, order vacated, and case remanded December 4, 1984

## LUDWICK et al,
*Respondents on Review,*

*v.*

## YAMHILL COUNTY,
*Petitioner on Review,*

*and*

## EAGLE POINT HOMEOWNERS ASSOCIATION,
*Intervenor - Cross-Petitioner.*

(LUBA 83-117, 83-118, 83-119; CA A32827; SC S31188)

691 P2d 906

John M. Gray, Jr., Assistant County Counsel, Yamhill County, McMinnville, for petitioner on review.

## MEMORANDUM OPINION

Petitioner seeks reinstatement of his appeal from a decision of the Land Use Board of Appeals (LUBA) which was dismissed by the Court of Appeals for failure to file the notice of intent to appeal required by ORS 197.850.

ORS 197.850 provides in part:

"(3)   Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a notice of intent to appeal in the Court of Appeals. The notice shall be filed within 21 days following the date the board delivered or mailed the order upon which the notice is based.

"(4)   The notice shall state the nature of the order the petitioner desires reviewed. Copies of the notice shall be served by registered or certified mail upon the board, and all other parties of record in the board proceeding.

"* * * * *

"(6)   Petitions and briefs shall be filed within time periods and in a manner established by the Court of Appeals by rule."

Pursuant to subsection (6), the Court of Appeals adopted a rule, ORAP 5.65, which provides:

"A petition for judicial review shall be filed at the same time that the notice of intent to appeal is filed. Insofar as practicable, the form, content and service of the petition shall be as prescribed in Rule 5.10."

Rule 5.10, in turn, prescribes a form for petitions for judicial review which requires only identification of the parties and their attorneys and a description of the order, rule or ruling to be reviewed, and which must be accompanied by a copy of the order, rule or ruling.

Petitioner filed in the Court of Appeals a document captioned "Petition for Judicial Review." The document identified the title and number of the proceedings before LUBA of which review was sought, the nature of the order petitioner wished to have reviewed, and the nature of petitioner's interest in the consequences if the order was not reversed. It included a certificate of service upon counsel for LUBA and for the parties in the board proceedings. In short, the document satisfied all requirements for a notice of intent to appeal under ORS 197.850(3) and 197.850(4) except that it was

captioned "Petition for Review" rather than "Notice of Intent to Appeal." Upon respondent's motion, the Court of Appeals dismissed the petition for failure to file a notice of intent to appeal.

■     It is apparent that when the legislature enacted ORS 197.850, it contemplated that an appeal from LUBA to the Court of Appeals would begin with a simple notice of intent to appeal, and that the "actual" appeal would occur in the form of a "petition" at such time and in such form as the Court of Appeals might prescribe. Under the statute the Court of Appeals could require a more elaborate petition for review and allow some additional time after the notice of intent to appeal within which to file the petition. The Court of Appeals has not done this but has thought it preferable to require only a minimal petition, containing the same basic data as the notice of intent to appeal and accompanied by a copy of the order, to be filed at the same time as the notice of intent. The effect is to make the content of the petition and notice redundant, and there appears to be no reason why a single document should not carry both captions so long as it is served on all required persons and is accompanied by a copy of the order, rule or ruling from which appeal is taken.

■     Under these circumstances, it seems to serve no useful purpose to dismiss an appeal because the caption of a timely petition for review that satisfies all statutory requirements of a notice of intent to appeal omits the magic statutory words "Notice of Intent to Appeal," none, at least, unless the respondent shows prejudice. When a document proclaiming that it is a petition for judicial review of an identified order is timely served on the parties, it may be presumed that they have notice of the petitioner's intent to appeal that order, unless there is some reason for misunderstanding or confusion. Of course petitioners should comply with the literal command of the statute and the rules, and the difference between the notice and the petition might be important if the required contents or timing were different. But as long as they are the same, the mistake in the caption alone does not deprive the Court of Appeals of jurisdiction.[1]

---

[1] *Cf. Ensley v. Fitzwater,* 293 Or 158, 645 P2d 1062 (1982) (jurisdiction upon notice of appeal describing a nonappealable order but attaching copy of an appealable

The petition for review is allowed, the order dismissing petitioner's appeal is vacated, and the case is remanded to the Court of Appeals to reinstate the appeal unless the court determines that the failure to file a document entitled "Notice of Intent to Appeal" was prejudicial and proceeding upon the petition for review would be unfair to respondents.

---

judgment).

We express no view whether timely filing of the notice of intent to appeal is indispensable to jurisdiction in the Court of Appeals. Compare ORS 197.850 with ORS 19.033(2)(specifying that notice of appeal "is jurisdictional") and with ORS 2.520 (no such specification as to petitions for Supreme Court review). The apparent redundancy of the notice of intent to appeal and the petition for review under ORS 197.850 may deserve legislative examination, along with the general question whether statutes should foreclose judicial evaluation of nonprejudicial irregularities in appellate procedure by prescribing "jurisdictional" consequences.