Submitted on record and briefs June 13, affirmed on petition and cross-petition
July 20, 1988

## DICKAS,
*Petitioner - Cross-Respondent,*

*v.*

## CITY OF BEAVERTON,
*Respondent - Cross-Petitioner,*

*and*

## SPECTRA NOVAE, LTD., et al,
*Respondents below.*

## (LUBA 87-086; CA A48262)
757 P2d 451

William Dickas, Portland, filed the briefs *pro se* for petitioner - cross-respondent.

Pamela J. Beery, Assistant City Attorney, Beaverton, filed the brief for respondent - cross-petitioner.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Petitioner seeks review of, and the city of Beaverton cross-petitions from, LUBA's order remanding city's approval of the preliminary plat for the MacArthur Park residential subdivision. City has moved to dismiss petitioner's notice of intent to appeal and petition for judicial review on the ground that petitioner did not serve them on the Attorney General, as required by ORAP 5.10(5)(b) and ORAP 5.65. Petitioner did serve LUBA with the papers. Failure to serve the Attorney General is not a jurisdictional defect, *see* ORS 197.850(4), and city shows no prejudice. *See Ludwick v. Yamhill County,* 298 Or 302, 691 P2d 906 (1984). The motion is denied.

City moves, in the alternative, to dismiss the part of the petition which challenges LUBA's intermediate order denying petitioner's objections to city's record. City contends, first, that the order is not final and reviewable under ORS 197.850(1) and, second, that petitioner did not seek timely review within 21 days after its issuance. ORS 197.850(3). City acknowledges that the substance of petitioner's challenge to that order was included in one of his assignments decided by LUBA's final order. Petitioner assigns error here to LUBA's rejection of that assignment. What city hopes to gain by its motion is unclear, given that the merits of LUBA's ruling are obviously before us and reviewable, regardless of whether petitioner needed to petition separately from the intermediate order as well as from the final order. Although petitioning from the intermediate order is superfluous, it is also jurisdictionally irrelevant, given the fact that petitioner has sought review of the final order. City's alternative motion is also denied.

Petitioner moves to strike parts of city's brief. He argues that a map which is reproduced in the appendix to the brief was not part of the record before LUBA and that it and the discussions of it in the text should be stricken. We need not decide the motion, because the parts of the brief which petitioner challenges add nothing of merit to city's analysis of the issue to which they relate, and they play no role in our decision.

We turn to the merits. There are none to city's cross-petition, and we affirm as to it. Two of petitioner's contentions require discussion. The site of the proposed subdivision

is a parcel owned by Beaverton School District #48, which has declared it surplus, and the developer is the contract pur-. chaser. District had at one time planned to use the site for a high school, and city's plan designates the area for "Public Facilities"; the plan map identifies it as a "future school site." However, the site is zoned for residential use. Part of the parcel is a forested wildlife habitat, and it is designated as a natural resource site in city's plan.

One of petitioner's arguments is that the plan as now constituted *requires* the site to be used for a school rather than for residences. The principal theme of that argument is among those which we reject without discussion. However, as a subsidiary argument, petitioner contends that, when city adopted its plan, its Goal 5 analysis contemplated only school use for the site and that no such analysis has been performed concerning the impact of intense residential use on the resource. Therefore, petitioner maintains, a plan amendment is necessary.

City responds, *inter alia:*

"[P]etitioner's purported challenge of the respondent City's Plan based on an alleged violation of Goal 5 must fail, since the applicable standard for review of this acknowledged Plan and implementing ordinance is not the statewide planning goals. LUBA, in footnote 6 of its opinion, noted that this is the correct analysis."

*See Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983). That statement is either not entirely responsive or not entirely correct. Although a local government's post-acknowledgment land use decisions are generally tested only for compliance with its plan and regulations rather than the statewide goals, an exception is that decisions which amend the plan or regulations must comply and are reviewable for compliance with the goals. The same is true of decisions which fundamentally change the subjects to which, or manner in which existing plan provisions apply, even if the provisions themselves are not expressly altered. *See 1000 Friends of Oregon v. Jackson Co.,* 79 Or App 93, 718 P2d 753, *rev den* 301 Or 445 (1986). However, we do not agree with petitioner that a *de facto* amendment was made here or that a *de jure* one is necessary. We agree with city, as did LUBA, that residential development is allowable under the plan's existing provisions relating

to the resource site and that the city imposed conditions on its approval of the application which satisfy the resource protection requirements of those provisions. We therefore reject petitioner's Goal 5 contention.

■■ Petitioner's other argument which requires comment is that LUBA erred by not requiring the inclusion in the record of a letter which an assistant city attorney had sent to the members of the governing body after the conclusion of the city hearing and "by concluding that petitioner had no right to know about or respond to the information" in the letter before the council made its decision. ORS 227.180 provides, in part:

"(3) No decision or action of a planning commission or city governing body shall be invalid due to ex parte contact or bias resulting from ex parte contact with a member of the decision-making body, if the member of the decision-making body receiving the contact:

"(a) Places on the record the substance of any written or oral ex parte communications concerning the decision or action; and

"(b) Has a public announcement of the content of the communication and of the parties' right to rebut the substance of the communication made at the first hearing following the communication where action will be considered or taken on the subject to which the communication related.

"(4) A communication between city staff and the planning commission or governing body shall not be considered an ex parte contact for the purposes of subsection (3) of this section."

LUBA concluded:

"ORS 227.180(4) provides that communications between staff and the deciding body are not *ex parte* communications within the meaning of ORS 227.180(3). We find this statute establishes a legislative policy to encourage communication between public bodies and their supporting staff members. Petitioner cites us to no prohibition against such communication, except to say that it is unfair. Petitioner does not advise how this unfairness, if it exists, prejudices petitioner's substantial rights. Such prejudice is necessary before we may reverse or remand a decision on this ground. ORS 197.835(8)(a)(B)."

We agree with that statement to the extent that it means that, under ORS 227.180, a party has no right to rebut anything in a

letter sent by a city employe after the governing body hearing to members of its governing body. Petitioner therefore was not prejudiced by the exclusion of the letter from the record, by not being apprised of its contents or by not being afforded an opportunity to respond to it.[1]

Affirmed on petition and cross-petition.

---

[1] In their arguments on this issue, both petitioner and city depend on the provisions of the Public Records Law, ORS 192.410 to 192.505. The issues are whether the letter had to be included in the record and whether petitioner has any rights in connection with the letter in this proceeding. There is no issue now about whether the letter is subject to compulsory disclosure under the Public Records Law, and nothing in this opinion implies an answer to that question.