Argued and submitted March 31, petition to review ballot title dismissed
April 16, 1998

## Bill SIZEMORE,
*Petitioner,*

*v.*

## Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

## Virginia MARKELL
and Tina Turner-Morfitt,
*Intervenors.*

(SC S45118)

957 P2d 577

Gregory W. Byrne, of Byrne & Associates, P.C., Portland, argued the cause and filed the petition for petitioner.

Erika L. Hadlock, Assistant Attorney General, Salem, argued the cause and filed the response for respondent. With her on the response were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the response for intervenors.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.*

GILLETTE, J.

---

* Graber, J., resigned March 31, 1998, and did not participate in this decision.

**GILLETTE, J.**

This is an original proceeding to review a ballot title that has been certified to the Secretary of State by the Attorney General pursuant to ORS 250.067(2). Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the Attorney General's proposed ballot title. *See* ORS 250.067(1) (providing procedure for persons to file written comments concerning Attorney General's proposed ballot title); ORS 250.085(2) (requiring elector, who challenges Attorney General's ballot title, to have submitted such comments in timely manner). Petitioner therefore is entitled to seek modification in this proceeding, unless some other procedural consideration prevents him from doing so. *See generally* ORS 250.085 (prescribing procedures for challenge in Supreme Court to ballot title).

Intervenors, the chief sponsors of the proposed measure for which the present ballot title was prepared, assert that there is a procedural reason why the present challenge should not proceed—that petitioner failed to comply with ORS 250.085(4). ORS 250.085(4) provides:

> "An elector filing a petition [for review by the Supreme Court of a ballot title] under this section shall notify the Secretary of State in writing that the petition has been filed. The notice shall be given not later than 5 p.m. on the next business day following the day the petition is filed."

Petitioner acknowledges that his notice to the Secretary of State pursuant to the requirement of ORS 250.085(4) was not timely. The Secretary of State did not receive the required written notice in this case until the *second* business day following the filing of the petition to review the ballot title.

Intervenors assert that petitioner's failure to notify the Secretary of State in a timely manner creates a jurisdictional defect that prevents this proceeding from going forward. Petitioner and the Attorney General both disagree, arguing that the requirement of ORS 250.085(4) is not "jurisdictional." Petitioner and the Attorney General reason that, because the requirement of notice to the Secretary of State is not "jurisdictional," this proceeding may go forward, unless

petitioner's untimely notice prejudiced a party to the proceeding.[1]

■ We agree with petitioner and the Attorney General that the requirement of notice in ORS 250.085(4) is not, in the usual sense, "jurisdictional." Certainly, the statute does not label the requirement as jurisdictional. Moreover, the requirement closely resembles those kinds of procedural requirements that, in other kinds of cases, are regarded as administrative, rather than jurisdictional. *See, e.g., McQuary v. Bel Air Convalescent Home, Inc.*, 296 Or 653, 656-59, 678 P2d 1222 (1984) (holding that, under ORS 19.033, timely service of notice of appeal on trial court clerk or court reporter is not a jurisdictional requirement). For the reasons that follow, we nonetheless conclude that petitioner's failure to comply with the statutory requirement compels dismissal of the present proceeding.

■ Ballot title review proceedings are entirely a creature of statute. A party's right to review, the bases on which it can be obtained, the grounds on which an objection to a ballot title may be sustained, and the scope of this court's authority to modify a ballot title are prescribed by statute. *See generally* ORS 250.085 (setting out criteria for, scope of, and limits on review by Supreme Court of ballot titles for proposed measures). Thus, this court's authority to review a ballot title extends only to those cases in which the statutory prerequisites to review have been satisfied. *See, e.g., Kane v. Keisling*, 317 Or 1, 853 P2d 1311 (1993) (refusing to consider challenges to ballot title that had not been made first in writing to Secretary of State); *No Special Rights Committee v. Keisling*, 312 Or 459, 821 P2d 1091 (1991) (committee not an "elector" and, therefore, not entitled to have ballot title reviewed; individual who signed objections to proposed ballot title only in capacity as chairman of committee also not entitled to have ballot title reviewed). In denying review in those cases, this court did not refer to the pertinent provisions of

---

[1] No one asserts in this case that there was, in fact, any prejudice to a party caused by petitioner's failure timely to file his notice with the Secretary of State within the period provided in ORS 250.085(4).

ORS 250.085 as "jurisdictional." Instead, the court recognized the limits on its authority created by the statutory arrangement and kept itself within those limits.

This case is no different. ORS 250.085(4) is precise in its requirement that a party seeking review of a ballot title "shall," by 5:00 p.m. on the next business day following the filing of the party's petition for review of the ballot title, give *notice of that filing* to the Secretary of State. That requirement is but one of a series of time-sensitive provisions in the statute aimed at securing a speedy resolution of the ballot title challenge, so that the "orderly and timely circulation of the petition [for the proposed measure]" may proceed. ORS 250.085(7); *see also* ORS 250.085(3) (setting out timelines for petitioning for review of ballot title). Reading the statute in light of its text, context, and the case law surrounding it, *see PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (describing that process of statutory interpretation), we find the meaning of ORS 250.085(4) to be clear. In order to be entitled to obtain review of a ballot title, petitioner was required to give timely written notice to the Secretary of State. Such notice did not occur. The petition for review of the ballot title certified by the Attorney General must be dismissed.

Petition to review ballot title is dismissed.