Submitted on record and briefs October 28, 1998, affirmed April 14, 1999

David M. BRUCE,
*Petitioner,*

*and*

Beverly J. BRUCE,
Elden Duckworth and Jessie Duckworth,
*Petitioners below,*

*v.*

CITY OF HILLSBORO,
*Respondent,*

*and*

PACIFIC REALTY ASSOCIATES, L. P.,
*Intervenor below.*

(LUBA No. 96-153; CA A103234)

977 P2d 435

Marnie Allen, Timothy J. Sercombe and Preston Gates & Ellis, LLP, filed the brief for respondent City of Hillsboro.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner seeks review of LUBA's order awarding respondent City of Hillsboro costs and attorney fees of approximately $5,400, pursuant to ORS 197.830(14)(b).[1] We affirm.

Petitioner appealed to LUBA from four separate ordinances adopted by the city that were related to the zoning of an area designated as a Light Rail Station Community Planning Area. Two of the ordinances that petitioner challenged were general ordinances affecting the entire planning area and two of the ordinances applied specifically to petitioner's property. Petitioner filed a single notice of appeal purporting to challenge all four ordinances. In September 1996, the city moved to dismiss the appeal on the ground that petitioner needed to file four separate notices of appeal to challenge the four decisions and on the ground that petitioner failed to provide notice of the appeal to all of the persons who had received written notice of the city's decision, as required by OAR 661-010-0015(2).[2] Petitioner responded to the motion by informing LUBA that it was his view that only one notice of intent to appeal was necessary and that the notice requirements of OAR 661-010-0015 were satisfied because he was advised by the city's staff that there were no other parties entitled to notice of the LUBA appeal.

---

[1] We use the term "petitioner" to refer to David M. Bruce. The other petitioners below were dismissed by order as parties before this court. LUBA's order allowing the petition for attorney fees sometimes refers to "petitioner" and sometimes to "petitioners." However, the only petitioner on whom it was served was David M. Bruce.

[2] OAR 661-010-0015 provides, in part:

"(2) Service of Notice: The Notice shall be served on the governing body, the governing body's legal counsel, and all persons identified in the Notice as required by subsection (3)(f) of this rule on or before the date the notice of intent to appeal is required to be filed.

"(3) Contents of Notice: The Notice shall be substantially in the form set forth in Exhibit 1 and shall contain:

"* * * * *

"(f) The name, address and telephone number of the following:

"* * * * *

"(D) Any other person to whom written notice of the land use decision or limited land use decision was mailed as shown on the governing body's records. The telephone number may be omitted for any such person."

In November 1996, LUBA issued an order denying the city's motion to dismiss the appeal but advising petitioner that if he wanted to appeal all four ordinances it would be necessary to submit filing fees for three additional appeals, because each ordinance is a separate land use decision. LUBA's order also informed petitioner that his failure to comply with the requirement of OAR 661-010-0015(2) that all interested and essential parties must be served with a notice of intent to appeal would warrant dismissal, if a party who was not served showed prejudice to the party's substantial rights. LUBA advised petitioner in the order to serve all interested and essential parties as soon as possible. Petitioner responded by withdrawing his challenge to three of the four ordinances. However, rather than providing additional notice to persons entitled to notice under OAR 661-010-0015(2), as he was advised to do in LUBA's order, petitioner continued to assert that he was not required to comply with the rule because the city's staff had advised him that further notice was not necessary. The city again moved to dismiss the appeal. LUBA heard oral arguments on the merits of the appeal and on the motion to dismiss. On February 6, 1997, LUBA issued an order dismissing petitioner's appeal for lack of jurisdiction because of petitioner's failure to provide notice as required by OAR 661-010-0015(2).

On February 21, 1997, 15 days after LUBA issued its order of dismissal, the city filed a petition for attorney fees under ORS 197.830(14)(b). In response to the motion, petitioner filed a motion to deny fees on the grounds that the petition for attorney fees was untimely and that there was probable cause to believe that his appeal to LUBA was well founded in law and based on factually supported information. By letter of February 26, 1997, LUBA advised respondent that additional details were necessary to support the fee request. The letter also informed petitioner that, if he wanted to challenge the fee request, it would be necessary to file objections. Respondent then filed an amended affidavit providing additional information on the fee request. Petitioner filed an objection to the fee request asserting that the fee request was untimely, that he did have probable cause to bring the appeal, and that the fee request was based on false and exaggerated facts and was not sufficiently detailed.

In July 1998, LUBA issued an order awarding attorney fees to the city of approximately $5,400. LUBA explained its decision to award fees under ORS 197.830(14)(b) as follows:

> "In the present case, we dismissed petitioners' appeal for lack of jurisdiction prior to consideration of the merits of the arguments raised by petitioners in their assignments of error. Since the city's motion to dismiss was the sole basis for our disposition of this appeal, we consider only whether the position petitioners asserted in defense to the city's motion to dismiss was presented 'without probable cause to believe the position was well-founded in law or on factually supported information.' ORS 197.830(14)(b)."

LUBA then concluded that "petitioners' position that their notice of intent to appeal was correctly served" was not supported by "probable cause," within the meaning of the statute.[3]

■ Petitioner makes a number of arguments urging the reversal of LUBA's award of attorney fees and costs under ORS 197.830(14)(b). Petitioner first argues that LUBA erred as a matter of law in issuing the order allowing respondent's request for attorney fees. In this assignment of error, petitioner's specific contention is that respondent's request for fees was untimely under LUBA's rules and, because of that, LUBA had no discretion to award attorney fees. We disagree. Petitioner is correct that respondent's fee petition was one day late. Nonetheless, LUBA has construed its rules to authorize it to exercise its discretion to allow untimely filings under certain circumstances. In doing so, LUBA has relied on the purpose section of its rules, which provides:

> "These rules are intended to promote the speediest practicable review of land use decisions and limited land use decisions, in accordance with ORS 197.805-197.855, while affording all interested persons reasonable notice and opportunity to intervene, reasonable time to prepare and submit their cases, and a full and fair hearing. The rules

---

[3] Petitioner does not argue here, and we express no opinion, as to whether LUBA was correct in limiting its inquiry to the arguments made by petitioner in response to the city's motion to dismiss.

shall be interpreted to carry out these objectives and to promote justice. Technical violations not affecting the substantial rights of parties shall not interfere with the review of a land use decision or limited land use decision. Failure to comply with the time limit for filing a notice of intent to appeal under OAR 661-010-0015(1) or a Petition for Review under OAR 661-010-0030(1) is not a technical violation." OAR 661-010-0005.

LUBA has considered late filings, such as this, to be technical violations and implicitly did so here by allowing the fee request. LUBA's interpretation of its rule is not inconsistent with the text or context of the rules and is not otherwise unlawful. Accordingly, there is no basis to conclude that LUBA's interpretation of its rule is erroneous. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994).

■        Petitioner's second assignment of error is that LUBA erred as a matter of law by ignoring relevant facts and arguments presented in petitioner's written submissions in response to the respondent's request for attorney fees. Petitioner asserts:

"[I]t is abundantly clear that LUBA did not consider substantial evidence of the whole record, did not consider all of the facts and violated Petitioner['s] rights by not adhering to it's (LUBA's) own rules. It (LUBA) reached a decision based on flawed and incomplete facts."

Although not entirely clear, petitioner's challenge to LUBA's order in this assignment of error appears to be that LUBA did not properly weigh the evidence that he presented in response to the city's request for attorney fees. However, it is not within this court's scope of review of LUBA's order to reweigh the evidence. ORS 197.835(2). Even if we read petitioner's argument as asserting that LUBA's order was not supported by substantial evidence, that argument also is without merit, because there is evidence to support LUBA's order.

■        Petitioner's final argument is that, in its final order and opinion dismissing the appeal, LUBA did not include any findings related to whether the appeal was filed frivolously or "without genuine belief on the part of petitioner that he had

more than probable cause to feel that his position was well founded in law or on factually supported information." Petitioner contends that, because these findings were not included in the opinion on the merits, LUBA had no authority to act on petitioner's later petition for attorney fees. However, there is nothing in the statute authorizing attorney fees in LUBA cases, or in LUBA's rules, that requires LUBA to include such findings in its final opinion and order on the merits of a case as a prerequisite to an award of attorney fees under the statute. LUBA did include specific findings articulating why petitioner's argument in response to respondent's motion to dismiss was not supported by probable cause in its order allowing fees.[4] LUBA did not err in its award of attorney fees to respondent.

Affirmed.

---

[1] LUBA explained:

"We do not believe that petitioners' position that their notice of intent to appeal was correctly served was supported by probable cause within the meaning of ORS 197.830(14)(b). The requirements of OAR 661-10-015(2) regarding service of a notice of intent to appeal are clear and unambiguous. Petitioners are not relieved from compliance with LUBA's rules of procedure by an erroneous statement made by the city planning director. In *City of Grants Pass v. Josephine County*, 25 Or LUBA 722 (1993), this Board dismissed the petitioner's appeal for lack of jurisdiction despite the petitioner's submission of an affidavit from a city planner stating that the planner provided the petitioner with erroneous information regarding the date on which the local decision became final:

" 'The fact that petitioner may have relied on erroneous information from a county planner is of no import. A participant in local land use proceedings must ascertain for itself, from the local code, what it must do to protect its rights.' *Id.* at 728; *see also Columbia River Television v. Multnomah Co.*, 299 Or 325, 329, 702 P2d 1065 (1985); *Kamppi v. City of Salem*, 21 Or LUBA 498, 505 (1991); *Kellog Lake Friends v. Clackamas County*, 17 Or LUBA 708, 712, n. 3 (1989).

"In addition, petitioners were given ample opportunity to correct the notice defect."