Argued and submitted May 4, order of Court of Appeals affirmed
September 28, 2006

## WAL-MART STORES, INC.,
*Petitioner on Review,*

*v.*

## CITY OF CENTRAL POINT,
Central Point First, Inc.,
Becca Croft, Joseph R. Thomas,
David M. Painter, and Carol Putnam,
*Respondents on Review.*

(LUBA 2004-075; CA A129094; SC S52736)

144 P3d 914

Thomas W. Sondag, Lane Powell PC, Portland, argued the cause for petitioner on review. With him on the briefs were Gregory S. Hathaway and E. Michael Connors, Davis Wright Tremaine, LLP, Portland.

William K. Kabeiseman, Garvey Schubert Barer, Portland, argued the cause for respondents on review. With him on the joint brief for respondents on review were Edward J. Sullivan and Carrie A. Richter, Garvey Schubert Barer, Portland, and Christine M. Cook, Portland.

DE MUNIZ, C. J.

## DE MUNIZ, C. J.

Any party who is dissatisfied with an order of the Land Use Board of Appeals (LUBA) may seek judicial review of that order in the Court of Appeals pursuant to ORS 197.850. That statute sets forth the filing and service requirements that a petitioner must satisfy to invoke the jurisdiction of the Court of Appeals. In this case, the Court of Appeals dismissed a petition for judicial review by Wal-Mart Stores, Inc. (petitioner), because it concluded that it did not have jurisdiction under ORS 197.850. We allowed petitioner's petition for review and now, for the reasons stated below, affirm the order of the Court of Appeals.

■ The Court of Appeals order sets forth the pertinent facts:

"LUBA issued its Final Opinion and Order in this case on June 9, 2005, by mailing it to the parties. Petitioner Wal-Mart Stores, Inc., filed, by certified mail, a petition for judicial review seeking review of that order on June 30, 2005, which was the 21st day after the LUBA decision was mailed. Petitioner served the petition on the respondents by first class, regular mail, rather than certified or registered mail, on June 30, 2005, as well."

Respondents Central Point First, Inc., Becca Croft, Joseph R. Thomas, David M. Painter, and Carol Putnam (respondents) did not receive the petition until July 1, 2005—22 days after the LUBA order. Respondents moved to dismiss judicial review in the Court of Appeals because they neither received the petition for judicial review nor had actual notice of it within 21 days of LUBA's order.[1] As noted, the Court of Appeals agreed with respondents and dismissed the petition for judicial review.

ORS 197.850(1) to (4) provide:

"(1) Any party to a proceeding before the Land Use Board of Appeals under ORS 197.830 to 197.845 may seek judicial review of a final order issued in those proceedings.

___

[1] Respondent City of Central Point did not move to dismiss in the Court of Appeals. The City of Central Point is, however, a party to this appeal. Therefore, our use of "respondents" includes the City of Central Point.

"(2)   Notwithstanding the provisions of ORS 183.480 to 183.540, judicial review of orders issued under ORS 197.830 to 197.845 shall be solely as provided in this section.

"(3)(a)   Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. Proceedings for judicial review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 21 days following the date the board delivered or mailed the order upon which the petition is based.

"(b)   Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the board proceeding is jurisdictional and may not be waived or extended.

"(4)   The petition shall state the nature of the order the petitioner desires reviewed. Copies of the petition shall be served by registered or certified mail upon the board, and all other parties of record in the board proceeding."

Petitioner requests that this court reinstate its petition for judicial review and offers two arguments to support that request. First, petitioner contends that the requirement contained in ORS 197.850(4), that a petitioner serve other parties by registered or certified mail, is not a jurisdictional requirement. Petitioner asserts that, in ORS 197.850(3)(b), the legislature sets forth only two requirements for the Court of Appeals to obtain jurisdiction: (1) filing of the petition as set forth in ORS 197.850(3)(a); and (2) service of the petition on adverse parties. Petitioner notes that the legislature did not incorporate or cross-reference the requirements of subsection (4) in setting forth the jurisdictional requirements. Second, petitioner asserts that neither subsection (3) nor subsection (4) contains any statutory deadline for service; instead, petitioner asserts, ORS 197.850(3)(a) imposes a 21-day deadline only for *filing* the petition for judicial review. Therefore, petitioner contends, respondents' failure to receive the service copy of the petition for judicial review until the twenty-second day following the LUBA order does not defeat jurisdiction.

■ ■   To determine whether petitioner's arguments are well-founded, we employ the familiar methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), to determine the legislature's intent.[2] Under that methodology, we first consider the text and context of the statute. *Id.* at 610-11. We give words of common usage their "plain, natural, and ordinary meaning." *Id.* at 611. Where words used in a statute have a well-defined legal meaning, however, they will be given that meaning. *Gaston v. Parsons*, 318 Or 247, 253, 864 P2d 1319 (1994). Our analysis of the context includes other provisions of the same statute or related statutes, *PGE*, 317 Or at 611, as well as prior opinions of this court interpreting the same statutory wording, *Robinson v. Nabisco, Inc.*, 331 Or 178, 184, 11 P3d 1286 (2000).

We begin with ORS 197.850(2), which provides, "Notwithstanding the provisions of ORS 183.480 to 183.540, judicial review of orders issued under ORS 197.830 to 197.845 *shall be solely as provided in this section.*"[3] (Emphasis added.) In that subsection, the legislature made clear its intent that the procedures set forth in ORS 197.850, and only those procedures, govern judicial review of LUBA orders.

ORS 197.850(3)(b) states that certain procedures for obtaining judicial review are "jurisdictional and may not be waived or extended." As petitioner notes, ORS 197.850(3)(b) sets forth two requirements for invoking the jurisdiction of

---

[2] This court has not construed previously the jurisdictional requirements of the current version of ORS 197.850. In *Ludwick v. Yamhill County*, 298 Or 302, 304, 691 P2d 906 (1984), this court construed the former version of ORS 197.850, which required petitioners to file a notice of intent to appeal in addition to a petition for judicial review. In that case, the court held that, where a petitioner filed a timely petition for judicial review but did not include in the caption of that petition the words "notice of intent to appeal," dismissal was inappropriate. *Id.* at 305. Because the two requirements appeared to be redundant, the court noted that ORS 197.850 "may deserve legislative examination." *Id.* at 305-06 n 1. The legislature took up that examination in 1989 and eliminated the notice of intent to appeal requirement. Or Laws 1989, ch 515, § 1. Notably, the version of ORS 197.850 extant when *Ludwick* was decided contained a subsection (4) that is virtually identical to the current version. Although the main focus of the 1989 amendment was to add, in paragraph (3)(b), jurisdictional consequences to certain requirements in the statute, the legislature was aware of the existence of subsection (4), as it changed the word "notice"—a reference to the notice of intent to appeal—to "petition," instead.

[3] ORS 183.480 to 183.540 are within the Administrative Procedures Act. Those sections generally govern judicial review of agency orders.

the Court of Appeals: (1) filing a petition for judicial review with the Court of Appeals within 21 days of the LUBA order; and (2) service of the petition for judicial review on all adverse parties. The latter provision, however, is silent as to *how* petitioner must accomplish service.

■ The word "service" is a term of art with a specific, legal meaning. *See Ester v. City of Monmouth*, 322 Or 1, 9-10, 903 P2d 344 (1995) (analyzing "local improvements" and "special benefits" as terms of art with meanings derived from established law). Service is "[t]he formal delivery of a writ, summons, or other legal process" or "[t]he formal delivery of some other legal notice, such as a pleading." *Black's Law Dictionary* 1399 (8th ed 2004). In other words, service is the delivery of some sort of legal notice in some formal manner. ORS 197.850(4) directs that the petition for judicial review be "served" by certified or registered mail. To serve is "[t]o make legal delivery of (a notice or process)" or "[t]o present (a person) with a notice or process as required by law." *Id.* Implicit in that definition is the assumption of legal requirements as to *how* the delivery is to take place.

In *McCall v. Kulongoski*, 339 Or 186, 192-96, 118 P3d 256 (2005), this court construed the jurisdictional requirements for service of the notice of appeal under ORS chapter 19, which governs civil appeals. Like ORS 197.850(3)(b), ORS 19.270(2)(a) provides that service of the notice of appeal on all adverse parties is jurisdictional and may not be waived or extended.[4] ORS 19.270(2)(a) incorporates by reference certain other requirements set forth in ORS chapter 19, but does not refer to the section that describes *how* service is accomplished. Nevertheless, in *McCall*, this court held that the section describing the procedure for accomplishing service, ORS 19.500, also set forth a

---

[4] ORS 19.270(2) provides, in part:

"The following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended:

"(a) Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.240(2)(a), within the time limits prescribed by ORS 19.255."

jurisdictional requirement.[5] *McCall*, 339 Or at 195. The court explained that "the statutory text that controls how such service must be accomplished is framed, for the most part, in mandatory terms." *Id.* The court therefore concluded that, under ORS 19.500, to invoke the jurisdiction of the Court of Appeals, an appellant "shall" serve a notice of appeal in the manner provided by ORCP 9. *Id.*[6]

■■ We follow the same approach here. Subsection (4) of ORS 197.850 provides, in mandatory terms, "Copies of the petition *shall* be served by registered or certified mail upon the board, and all other parties of record in the board proceeding." ORS 197.850(4) (emphasis added). That requirement existed before the legislature's addition of the text in paragraph (3)(b). "[A] presumption exists that amendatory acts do not change the meaning of preexisting language further than is expressly declared or necessarily implied." *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 597-98, 581 P2d 50 (1978).[7] Nothing in paragraph (3)(b) indicates that the legislature intended service of the petition to mean anything other than the manner of service prescribed by subsection (4).[8] When read together, paragraph (3)(b) and subsection (4)

---

[5] ORS 19.500 provides:

"Except as otherwise provided in this chapter, when any provision of this chapter requires that a paper be served and filed, the paper shall be served in the manner provided in ORCP 9 B on all other parties who have appeared in the action, suit or proceeding and who are not represented by the same counsel as the party serving the paper, and shall be filed, with proof of service indorsed thereon, with the trial court administrator."

[6] Similarly, in *Sizemore v. Myers*, 327 Or 71, 74-75, 957 P2d 577 (1998), this court construed the requirements for obtaining review of a ballot title. The court concluded that, although the applicable statutes did not set forth "jurisdictional" requirements in the usual sense, a petitioner nevertheless must comply with the statute's requirements to obtain review of a ballot title, or face dismissal of the ballot title review proceeding, because the requirements effectively imposed limits on the court's authority—created by the statutory scheme itself—to review ballot titles. *Id.*

[7] Although that generally is a legally correct statement, as noted in *Jones v. General Motors Corp.*, 325 Or 404, 414 n 6, 939 P2d 608 (1997), use of the word "presumption" is misleading to the extent that it suggests application of a presumption favoring or disfavoring a change in meaning as opposed to ascertaining the substance of the legislative enactment.

[8] Indeed, given the well-established legal meaning of "service," which encompasses delivery of a legal document in a specific manner, if the legislature intended to refer to the "fact" of service alone (assuming that the "fact" of service could be divorced from the "manner" of service), it would need to do so explicitly, as such a meaning is not necessarily implied by an unaccompanied reference to "service."

of ORS 197.850 mandate that a party wanting to obtain judicial review of a LUBA order serve a petition for review, by certified or registered mail, on all adverse parties identified in the petition.

Petitioner concedes that it served respondents by first-class mail, not certified or registered mail. Because petitioners failed to comply with what we now have concluded is a jurisdictional requirement, we affirm the Court of Appeals order of dismissal. Because our conclusion respecting petitioner's first argument disposes of this case, we do not reach petitioner's second argument regarding whether ORS 197.850 imposes a jurisdictional deadline for service.

The order of the Court of Appeals is affirmed.