Argued and submitted September 24, affirmed December 19, 2007

## Debra O'ROURKE,
## Paul Dalgleish, and Duane Jorgenson,
### *Respondents,*

*v.*

## UNION COUNTY,
### *Respondent below,*

*and*

## R. D. MAC, INC.,
### *Petitioner.*

## Land Use Board of Appeals
## 2007077; A136336

175 P3d 485

Noah W. Winchester argued the cause for petitioner. With him on the brief were Paul R. Hribernick and Black Helterline LLP.

Jonel Ricker argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

The Land Use Board of Appeals (LUBA) remanded to Union County its decision approving petitioner's application for a conditional use permit to operate a temporary asphalt batch plant on land zoned for exclusive farm use. Petitioner seeks judicial review of LUBA's decision, asserting that LUBA erred (1) in denying its motion to dismiss as untimely respondents' appeal from the county's decision and (2) in concluding that a county zoning ordinance required findings that the county failed to make. We reject petitioner's second contention without discussion and write only to address petitioner's first assignment of error. We affirm.

The pertinent procedural facts are undisputed. The county's decision became final on March 26, 2007. On April 12, LUBA received respondents' notice of intent to appeal the county's decision. The notice named petitioner, not the county, as the respondent. In addition, the notice listed the name, address, and telephone number of petitioner's registered agent, but it did not include such information for the county's governing body or its legal counsel. The certificate of service attached to the notice of intent to appeal stated that it was served on petitioner by mail, but it did not state that the notice was served on the county or any other person to whom written notice of the county's decision was mailed as shown in its board of commissioners' records.

On April 12, LUBA issued an order that provided:

"On April 12, 2007, LUBA received a notice of intent to appeal, the caption of which states that [petitioner] is the respondent. Section I of the notice identifies a conditional use permit by the 'Union County Board of Commissioners' as the challenged land use decision. Section III of the notice lists the name, address and telephone number of the registered agent for [petitioner], instead of the name, address and telephone number of the governing body and the governing body's legal counsel, as required by OAR 661-010-0015(3)(f)(B).

"Within seven days of the date of this order, [respondents] shall file with LUBA and serve on the governing body and all persons that must be listed in the notice of intent to appeal under OAR 661-010-0015(3) an amended

notice of intent to appeal that (1) lists Union County rather than [petitioner] as the respondent in the caption, and (2) provides the name, address and telephone number of the governing body and the governing body's legal counsel in Section III of the notice, instead of [petitioner]."

(Footnote omitted.)

On April 16, respondents served, by first class mail, an amended notice of intent to appeal, which LUBA received on April 18. The amended notice corrected the deficiencies in the content of the original notice that were identified in the April 12 order. The certificate of service attached to the amended notice stated that it was served on the county's board of commissioners and the county's legal counsel. The certificate did not state, however, that the amended notice had been served on petitioner or any other person to whom written notice of the county's decision was mailed as shown in its board of commissioners' records. On April 26, respondents filed with LUBA a certificate of service stating that, on that day, they had served—by first class mail—the amended notice on petitioner and all other persons entitled to notice.

On April 23, petitioner filed a motion to dismiss the appeal, arguing that it should be dismissed because (1) respondents filed the amended notice of intent to appeal more than 21 days after the county's decision became final and, therefore, LUBA lacked jurisdiction over the appeal and (2) defects in the content of the original notice of intent to appeal, and defects in the service of the original and amended notices of intent to appeal, prejudiced petitioner's substantial rights. LUBA denied the motion to dismiss and, as noted, remanded the county's decision on the merits. In addition to its challenge to the merits of LUBA's decision, petitioner renews its jurisdictional and procedural arguments on review.

This court may reverse or remand a LUBA decision if we determine that the board's order is unlawful in substance, "but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby[.]" ORS 197.850(9)(a). For the following reasons, we conclude that LUBA had jurisdiction of respondents' appeal and that the

deficiencies in the content of the original notice of intent to appeal and in the service of the original and amended notices did not prejudice petitioner's substantial rights.

ORS 197.830(9) provides:

"A notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final. A notice of intent to appeal plan and land use regulation amendments processed pursuant to ORS 197.610 to 197.625 shall be filed not later than 21 days after notice of the decision sought to be reviewed is mailed or otherwise submitted to parties entitled to notice under ORS 197.615. Failure to include a certificate of mailing with the notice mailed under ORS 197.615 shall not render the notice defective. Copies of the notice of intent to appeal shall be served upon the local government, special district or state agency and the applicant of record, if any, in the local government, special district or state agency proceeding. *The notice shall be served and filed in the form and manner prescribed by rule of the board* and shall be accompanied by a filing fee of $175 and a deposit for costs to be established by the board. If a petition for review is not filed with the board as required in subsections (10) and (11) of this section, the filing fee and deposit shall be awarded to the local government, special district or state agency as cost of preparation of the record."

(Emphasis added.) Pursuant to the emphasized statutory directive, LUBA adopted OAR 661-010-0015, which provides, in part:

"(1)  Filing of Notice:

"(a)  The Notice, together with two copies, and the filing fee and deposit for costs required by section (4) of this rule, shall be filed with the Board on or before the 21st day after the date the decision sought to be reviewed becomes final or within the time provided by ORS 197.830(3) through (5). * * * A Notice filed thereafter shall not be deemed timely filed, and the appeal shall be dismissed.

"(b)  The date of filing a notice of intent to appeal is the date the Notice is received by the Board, or the date the Notice is mailed, provided it is mailed by registered or certified mail and the party filing the Notice has proof from the

post office of such mailing date. If the date of mailing is relied upon as the date of filing, acceptable proof from the post office shall consist of a receipt stamped by the United States Postal Service showing the date mailed and the certified or registered number. If a Notice is received without payment of the fee and deposit required by section (4) of this rule, the petitioner will be given an opportunity to submit the required fee and deposit. If the filing fee and deposit for costs are not paid within the time set by the Board, the Board will dismiss the appeal.

"(c)   If the Board determines that a Notice identifies more than one final decision as the subject of appeal, the Board shall notify the petitioner. The Board shall dismiss the Notice if the petitioner fails to submit within the date specified by the Board either a written election to appeal only one decision, or a separate Notice and separate filing fee and deposit, as required by section (4) of this rule, for each additional decision.

"(2)   Service of Notice: The Notice shall be served on the governing body, the governing body's legal counsel, and all persons identified in the Notice as required by subsection (3)(f) of this rule on or before the date the notice of intent to appeal is required to be filed. Service of the Notice as required by this section may be in person or by first class mail. The date of serving such notice shall be the date of mailing.

"(3)   Contents of Notice: The Notice shall be substantially in the form set forth in **Exhibit 1** and shall contain:

"(a)   A caption which sets forth the name(s) of the person(s) filing the Notice, identifying the person(s) as petitioner(s), and the name of the governing body, identifying the governing body as respondent;

"(b)   Below the caption the heading 'Notice of Intent to Appeal';

"(c)   The full title of the decision to be reviewed as it appears on the final decision;

"(d)   The date the decision to be reviewed became final;

"(e)   A concise description of the decision to be reviewed, or a copy of either the notice of decision or the decision to be reviewed;

"(f)   The name, address and telephone number of each of the following:

"(A)   The Petitioner. If the petitioner is not represented by an attorney, the petitioner's name, address and telephone number shall be included. If an attorney represents the petitioner, the attorney's name, address and telephone number shall be substituted for that of the petitioner. If two or more petitioners are unrepresented by an attorney, one petitioner shall be designated as the lead petitioner, but the Notice shall include the names, addresses, and telephone numbers of all such unrepresented petitioners. See OAR 661-010-0075(7)(a);

"(B)   The governing body and the governing body's legal counsel;

"(C)   The applicant, if any (and if other than the petitioner). If an applicant was represented by an attorney before the governing body, then the name, address and telephone number of the applicant's attorney shall also be included;

"(D)   Any other person to whom written notice of the land use decision or limited land use decision was mailed as shown on the governing body's records. The telephone number may be omitted for any such person.

"(g)   A statement advising all persons, other than the governing body, that in order to participate in the review proceeding a person must file a motion to intervene pursuant to OAR 661-010-0050 [*LUBA's rule governing intervention*].

"(h)   On the last page, a signature by each petitioner, or the attorney representing that petitioner, on whose behalf the Notice is filed.

"(i)   Proof of service upon all persons required to be named in the Notice. See **Exhibit 1** [*omitted here*]."

(Boldface and brackets in original.)

Because the county's decision became final on March 26, 2007, respondents' notice of intent to appeal had to be filed with LUBA on or before April 16, 2007. ORS 197.830(9); OAR 661-010-0015(1)(a). Because respondents served by registered mail the original notice of intent to appeal to the board on April 10, and the board received it on

April 12, that notice was timely filed. OAR 661-010-0015(1)(b). The amended notice of intent to appeal was filed within the seven-day period prescribed in LUBA's April 12 order, and it was filed on the twenty-first day after the county's decision became final. However, the amended notice was mailed to LUBA by first class mail, not registered or certified mail, and LUBA did not receive it until April 18, the twenty-third day after the county's decision became final.

Petitioner argues that respondents did not file the amended notice of appeal within the 21-day period prescribed by ORS 197.830(9) and OAR 661-010-0015(1)(a), because it was not mailed by certified or registered mail, and neither LUBA nor any other party actually received it within that period. It follows, petitioner asserts, that LUBA lacked jurisdiction over the appeal. The premises of petitioner's argument are that (1) an otherwise timely notice of intent to appeal that fails to comply with one or more of the requirements for the content or service of a notice of intent to appeal under OAR 661-010-0015 is insufficient to invoke LUBA's appellate jurisdiction and (2) where such deficiencies in the content or service of an original notice exist, an amended notice of intent to appeal that complies with the board's rule must be filed within the prescribed 21-day period in order to establish LUBA's jurisdiction.

■ LUBA concluded, consistently with its previous decisions, that the deficiencies in the content of the original notice of intent to appeal and its service were technical violations and, therefore, not jurisdictional. LUBA relied, in part, for its conclusion on its decisions construing another rule, OAR 661-010-0005, which provides:

"These rules are intended to promote the speediest practicable review of land use decisions and limited land use decisions, in accordance with ORS 197.805-197.855, while affording all interested persons reasonable notice and opportunity to intervene, reasonable time to prepare and submit their cases, and a full and fair hearing. The rules shall be interpreted to carry out these objectives and to promote justice. Technical violations not affecting the substantial rights of parties shall not interfere with the review of a land use decision or limited land use decision. Failure to comply with the time limit for filing a notice of intent to

appeal under OAR 661-010-0015(1) or a petition for review under OAR 661-010-0030(1) is not a technical violation."

The deficiencies in content and service of the notices of intent to appeal on which petitioner relies did not violate any express statutory requirement and, perforce, no statute makes them jurisdictional defects.[1] ORS 197.830(9) and LUBA's rules make the timely filing of a notice of intent to appeal jurisdictional, but the legislature delegated to LUBA formulation of the specific requirements for the content and service of a notice of intent to appeal. In fulfilling that delegation, the board has given itself latitude to correct "technical" defects such as a failure to timely submit a filing fee and deposit, OAR 661-010-0015(1)(b), and the erroneous filing of only one notice of intent to appeal purporting to challenge more than one land use decision. OAR 661-010-0015(1)(c).

Although LUBA's rules do not expressly authorize— or prohibit—the filing of an amended notice of intent to appeal to correct deficiencies in compliance with one or more of the content or service requirements set out in OAR 661-010-0015(3), the board has both allowed and ordered such amendments in several cases. In its decision in this case, LUBA observed:

"OAR 661-010-0075(6) provides that the Board shall give the petitioner the opportunity to file an amended notice of intent to appeal to correct a notice signed by someone other than an active member of the Oregon State Bar on behalf of a corporation, organization or another individual. OAR 661-010-0075(6) specifies that the Board will dismiss the appeal if the amended notice is not filed within the time set by the Board[.] Notably, OAR 661-010-0075(6) does not require dismissal if the amended notice is not filed within the 21-day deadline imposed by OAR 661-010-0015(1)(a), which supports our view, expressed in [earlier decisions],

---

[1] Accordingly, *Wal-Mart Stores, Inc. v. City of Central Point*, 341 Or 393, 144 P3d 914 (2006), a case on which petitioner relies, is distinguishable. In that case, the Supreme Court held that this court did not have jurisdiction to review a LUBA decision where the petitioner did not meet the express statutory requirement in ORS 197.850(4) that it serve, by certified or registered mail, a petition for judicial review on all adverse parties identified in the petition, but, instead, served the petition by first class mail. Unlike the circumstances here, that case was governed by ORS 197.850(3)(b), which expressly provided that service on all adverse parties was jurisdictional.

that an amended notice is not subject to that 21-day deadline."

In reaching its conclusion, the board interpreted its own rules, in particular, as pertinent here, OAR 661-010-0015 and OAR 661-010-0005. Petitioner does not assert that those rules exceed the board's rule-making authority or otherwise fail to lawfully implement the governing legislation. Accordingly, the question before us is whether LUBA's interpretation of its rules is erroneous. LUBA has considered deficiencies such as those involved in this case to be technical violations and expressly did so here. LUBA's interpretation of its rules is plausible and not inconsistent with the text and context of the rules or other source of law. Accordingly, there is no basis to conclude that LUBA's interpretation of those rules is erroneous. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994); *Bruce v. City of Hillsboro*, 159 Or App 495, 500, 977 P2d 435 (1999) (applying *Don't Waste Oregon Com.* deference to LUBA's interpretation of its rules, including OAR 661-010-0005).

■       We also agree with LUBA's determination that petitioner's substantial rights were not prejudiced by either the defects in the content of the original notice of intent to appeal or the defects in service of the original and amended notices. The only identified defects in the content of the original notice, which was timely served on petitioner, involved the caption and identity and contact information regarding the county. The amended notice corrected those defects and, although the amended notice was belatedly served on petitioner, that defect did not impair petitioner's rights to the speediest practicable review or to a reasonable opportunity to prepare and submit argument. *See* OAR 661-010-0005. The original notice of intent to appeal correctly identified the decision on review, the date that it became final, the identity of the parties seeking LUBA's review, and the persons to whom the county mailed written notice of its decision. The notice was corrected pursuant to LUBA's direction, and the persons entitled to service were served, albeit late, with the amended notice.

Petitioner asserts that it "was substantially prejudiced by a shortened timeline and by incurring unnecessary

extra expense. Twenty other parties, who were not watching Respondents like a hawk, may have completely lost their ability to participate in the appeal." Petitioner relies on its president's affidavit asserting that it will cost "at least $2,500 in additional attorneys' costs than if the application had been filed normally and in full compliance with LUBA's rules." We are not persuaded by those arguments.

ORS 197.830(7) provides that persons may intervene before LUBA by demonstrating their compliance with certain standing requirements, if they move to intervene within 21 days after a notice of intent to appeal has been filed with LUBA. In this case, the original notice of intent to appeal was filed on April 12, 2007. On April 26, respondents filed a certificate of service stating that they had served copies of the amended notice on petitioner and all other persons entitled to notice. Thus, the amended notice was served well within the 21-day time period for intervention. There is nothing in the record to suggest that any person who was entitled to receive the notice of intent to appeal asserted that he or she was precluded from intervening in the LUBA proceeding because of any of the identified defects. What is more important, there is no evidence that petitioner's rights were prejudiced because any other entity or person was unable to intervene in the LUBA proceeding.

█  Finally, we decline to find cognizable prejudice to petitioner's financial interests where it was petitioner's challenge to LUBA's jurisdiction that generated the increased legal fees.

Affirmed.