***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted December 9, 2022, affirmed March 8, 2023

1000 FRIENDS OF OREGON,
*Respondent,*

*v.*

LINN COUNTY,
*Respondent below,*
*and*

Lynn MERRILL,
Whispering Pines LLC, and
Acreage Land Solutions LLC,
*Petitioners.*

Land Use Board of Appeals
2022003, 2022004; A179749

Helen C. Tompkins argued the cause and filed the brief for petitioners.

Andrew Mulkey argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

AOYAGI, P. J.

Affirmed.

_____

* Jacquot, J., *vice* James, J. pro tempore.

AOYAGI, P. J.

Petitioners Lynn Merrill, Whispering Pines, LLC, and Acreage Land Solutions, LLC seek judicial review of an order of the Land Use Board of Appeals (LUBA) remanding, for the second time, Linn County's decision to approve a zone change and comprehensive plan amendment for their property.[1] In three assignments of error, petitioners contend that (1) LUBA erred in concluding that the issues on which it remanded were within the scope of the first remand and not adequately addressed by the county's findings on remand, and (2) LUBA incorrectly denied their motion to dismiss the appeal or incorrectly considered the merits of the arguments raised in the petition for review, because the petition violated LUBA's rules. As explained below, we affirm.

*Scope of remand.* Petitioners argue that the issues on which LUBA remanded were already decided in our previous opinion, *1000 Friends of Oregon v. Linn County*, 306 Or App 432, 433, 475 P3d 121, *rev den*, 327 Or 290 (2020). We disagree. In that opinion, we held that "LUBA erred when it determined that [Linn County Code (LCC)] 903.510(B)(3) and LCC 903.550(A)(1) *preclude, as a matter of law*, petitioners' requested plan and zone amendments." 306 Or App at 438 (emphasis added). That is, we held that the comprehensive plan provisions at issue do not *categorically* preclude changing the zone of the subject property away from resource zoning. We did not hold, as petitioners assert, that the county's decision to change the plan designation to NR and rezone the subject property to NR-5 was consistent with the comprehensive plan provisions in the particular circumstances of this application. Rather, we anticipated in our opinion that LUBA would remand for the county to make a circumstance-specific determination by doing the habitat impact analysis that LUBA had concluded that the county "wrongfully deferred"—a LUBA holding that was not challenged on review. *Id.* at 435. That is what LUBA did, and the issues on which LUBA has again remanded relate to that previously deferred analysis and were properly within the scope of remand.

---

[1] The county does not appear on review.

As to petitioners' arguments that the county has already done the analysis that LUBA has again remanded for it to do, we note that the remand issues are issues on which LUBA concluded that the county's findings were inadequate. The purpose of the remand is for the county to adequately explain its determinations that (1) Condition 1's limitation of future development to 10 dwellings on the subject property is consistent with the density of development allowed under LCC 903.510(5) to (10), and (2) there is some specific mechanism through which the imposition of Condition 1 in this plan amendment and zone change proceeding is made binding as to future subdivision or partition applications for the subject property. We recognize that the county has already made some findings on each of those subjects. However, LUBA concluded that those findings are inadequate, and, other than stating in a general way that the county has already made findings on those topics, petitioners have not identified any reason for us to conclude that LUBA was incorrect to do so.

*LUBA's choice to address the arguments in the petition.* Petitioners contend that LUBA erred in denying their motion to dismiss 1000 Friends's petition for review because it was untimely. We disagree. As LUBA noted, although the original petition failed to comply with some of the requirements of OAR 661-010-0030(2), it was timely filed on the deadline, May 24. LUBA held that OAR 661-010-0030(3) provides a procedure by which a petition that does not comply with the requirements of OAR 661-010-0030(2)—even a petition that, like the one at issue here, was filed with knowledge that it did not comply with some of the requirements of that rule—may promptly be corrected. LUBA concluded that 1000 Friends had properly availed itself of that procedure to correct the original petition's noncompliance with the requirements of OAR 661-010-0030(2), and petitioners have not demonstrated that LUBA's interpretation of that rule provision is implausible or "inconsistent with the text and context of the rule[] or other source[s] of law."[2] *O'Rourke*

---

[2] As we understand its reasoning, LUBA concluded that OAR 661-010-0030(3) addresses only failure to comply with the form requirements of OAR 661-010-0030(2) and not failure to comply with the content requirements of OAR 661-010-0030(4). Petitioners have not attempted to show any problem with that

*v. Union County*, 217 Or App 1, 10, 175 P3d 485 (2007) (citing *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994), and *Bruce v. City of Hillsboro*, 159 Or App 495, 500, 977 P2d 435, *rev dismissed*, 329 Or 581 (1999) (applying the *Don't Waste Oregon* framework to LUBA's interpretation of its own rules)).

Petitioners next argue that LUBA should have either dismissed the appeal or declined to address the sub-assignments of error in the petition for review because the petition failed to comply with some of the requirements of OAR 661-010-0030(4), specifically regarding stating textual assignments of error, identifying where in the record the arguments were preserved, and providing a summary of arguments.

OAR 661-010-0005 states, "Technical violations not affecting the substantial rights of parties shall not interfere with the review of a land use decision or limited land use decision." In this case, the LUBA majority concluded that the petition's violations of OAR 661-010-0030(4) were technical violations not affecting petitioners' substantial rights. The dissent disagreed, taking the view that the petition's deficiencies combined to create a "herculean task" for petitioners in responding. Consequently, the dissent would have concluded that the rule violations were not "technical violations not affecting" petitioners' substantial rights and would have had LUBA exercise its "discretion to refuse to consider a petition for review that does not substantially conform to OAR 661-010-0030." (Citing *Cox v. Polk County*, 174 Or App 332, 337, 25 P3d 970, *rev den*, 174 Or 332 (2001) (holding that LUBA has such discretion).)

Thus, we understand the LUBA majority and the LUBA dissent to have essentially disagreed as to whether LUBA should exercise discretion to decline to address the

interpretation by LUBA of its rule. Given that understanding of OAR 661-010-0030(3), petitioners' argument that LUBA should have rejected the petition under OAR 661-010-0030(3) based on its failure to comply with some of the requirements of OAR 661-010-0030(4) is unavailing, as OAR 661-010-0030(3) does not address those failures. Instead, we, like LUBA, address those failures to comply with OAR 661-010-0030(4) based on LUBA's general power to excuse technical violations of its rules that do not affect the substantial rights of parties. *See* OAR 661-010-0005.

subassignments of error. To the extent that petitioners are arguing that, in deciding to address the subassignments, LUBA abused any discretion that it may have had, we are unpersuaded. As for petitioners' argument that 1000 Friends's noncompliance with OAR 661-010-0030(4) affected their substantial rights, we disagree that the noncompliance rose to the level of affecting their substantial rights. First, and critically, although the subassignments lack headings, the arguments raised in them are clearly articulated; the claimed errors are readily "discernible from the petition." *Hallmark Inns & Resorts, Inc. v. City of Lake Oswego*, 186 Or App 710, 717, 65 P3d 300 (2003) ("[A] failure to set out assignments of error in the petition for review before LUBA will not warrant striking the petition or dismissing the appeal where 'the claimed errors are discernible from the petition.'" (Quoting *Eckis v. Linn County*, 110 Or App 309, 311, 821 P2d 1127 (1991).)). Further, given the clarity of the arguments, the lack of a summary of the argument did not affect petitioners' substantial rights.

Second, although the failure to identify with specificity where each argument was raised in the record below imposed some additional burden on petitioners, we agree with the LUBA majority's observation that the fact that many of the disputed issues were discussed in the county's findings diminished that burden. We would add that the issues on which LUBA ultimately remanded were disputed before the county, and the overall number of arguments raised was not so large as to impose a substantial burden on petitioners in determining whether they had been raised during the limited remand proceeding on review. Although we recognize the inconvenience and additional burden that failure to provide all the required sections in briefing imposes on the opposing party, in this case, that burden simply does not rise to the level at which LUBA would be compelled to reject the arguments on the grounds of procedural unfairness.

Affirmed.