Argued and submitted June 1, affirmed August 24, 2022

Brian TOWEY,
Kim Kean, Denise McCravey,
John McGrory, Jeanie Senior,
and Susan Garrett Crowley,
*Petitioners,*

*v.*

CITY OF HOOD RIVER
and Thrive Hood River,
*Respondents.*

Land Use Board of Appeals
2021057; A178377

516 P3d 738

In a land use action, the Land Use Board of Appeals (LUBA) dismissed an appeal after concluding that its administrative rules required it to do so. Before LUBA, petitioners filed a notice of intent to appeal, but did not file a timely petition for review; intervenor-petitioner filed a timely intervenor's brief. On judicial review, petitioners and intervenor-petitioner contend that LUBA erred in dismissing the appeal, arguing, in part, that intervenor-petitioner's timely-filed brief qualified under OAR 661-010-0030(1) as a petition for review that would prevent dismissal of the appeal. *Held*: LUBA plausibly interpreted OAR 661-010-0030(1) to require dismissal of the appeal where no petitioners filed a petition for review on time and where no extension to the due date was obtained. LUBA is entitled to deference in the plausible interpretation of its own administrative rules.

Affirmed.

John McGrory argued the cause and filed the brief *pro se*. Kim Kean, Denise McCravey, Brian Towey, and Jeanie Senior joined the brief *pro se*.

Susan Garrett Crowley argued the cause and filed the brief *pro se*.

Daniel Kearns argued the cause for respondents. Also on the joint answering brief were Reave Kearns PC for respondent City of Hood River and Alexis Biddle for respondent Thrive Hood River.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

This matter comes before us on judicial review after the Land Use Board of Appeals (LUBA) dismissed an appeal. Petitioners Towey, Kean, McCravey, McGrory, and Senior (collectively, Towey petitioners) and petitioner Crowley, who was an intervenor in the LUBA proceedings, seek judicial review of LUBA's final order and opinion dismissing the appeal to LUBA. We review to determine whether LUBA's order is unlawful in substance or procedure. ORS 197.850 (9)(a).[1] We conclude that LUBA's interpretation of its administrative rules is plausible. We accordingly defer to that interpretation and affirm.

The pertinent background is procedural in nature and not in dispute. On May 12, 2021, the City of Hood River issued notice of its decision adopting Ordinance 2061, which amended Hood River Municipal Code title 17, Zoning. On May 17, 2021, Towey petitioners filed their notice of intent to appeal the city's decision to LUBA.[2] On June 4, 2021, Crowley filed her motion to intervene on the side of Towey petitioners and Thrive Hood River filed its motion to intervene on the side of the city; LUBA granted those motions. Under ORS 197.830(1) and (2), review of land use decisions "shall be commenced by filing a notice of intent to appeal with [LUBA]," and "a person may petition the board for review of a land use decision *** if the person *** [f]iled a notice of intent to appeal the decision."

On December 21, 2021, LUBA issued an order settling the record. Under OAR 661-010-0030(1), which provides that "the petition for review *** shall be filed with the Board within 21 days after the date the record is *** settled by the Board," the petition for review was due on

---

[1] ORS 197.850(9) states, in part:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure is not cause for reversal or remand unless the court finds that substantial rights of the petitioner were prejudiced thereby[.]"

[2] Under OAR 661-010-000, "[p]roceedings commenced before July 1, 2021 shall be governed by OAR 661-010-005 through OAR 661-010-0075 as effective on the date the notice of intent to appeal was filed." Therefore, all references herein to those rules are the versions effective on May 17, 2021.

January 11, 2022. Crowley timely filed an intervenor's brief.[3] On January 11, 2022, Towey petitioners filed a motion titled "Unopposed Petitioners' Motion for Extension of Time," which requested an extension of time for Towey petitioners to file their petition for review for the reason that the principal drafter of the petition was in quarantine due to COVID-19 and was unable to timely perform the clerical and administrative tasks of completing and filing the petition. The motion stated that the city did not oppose the motion, but it did not indicate the position of either Crowley or Thrive Hood River.

OAR 661-010-0067(2) provides, in part and subject to exceptions that are not relevant here, "in no event shall the time limit for the filing of the petition for review be extended without the written consent of all parties."[4] OAR 661-010-0067(4) provides that a motion for extension of time

> "must be filed with the Board within the time required for performance of the act for which an extension of time is requested. A motion for extension of time that is not accompanied by a written consent by all parties to the requested extension shall state whether all parties to the appeal have agreed to the motion for extension of time, orally or otherwise."

On January 14, LUBA received Towey petitioners' petition for review. On that same date, LUBA issued an order directing Towey petitioners to file a motion for extension of time conforming to the rules, including written evidence of consent to the extension by all parties, within seven days of the order. Towey petitioners then filed an amended motion for extension of time, which included the written consent of the city and Crowley; however, it did not include the written consent of Thrive Hood River. An attached declaration stated that although Thrive Hood River had been contacted concerning consent, a response had not been received by the due date of the amended motion.

---

[3] Crowley's filing was titled "Petition for Review of Intervenor-Petitioner." Under OAR 661-010-0050(6)(a) Crowley was required to file a brief "within the time limit for filing the petition for review."

[4] Other time limits "may be extended upon oral or written consent of all parties, the Board's motion or motion of a party." OAR 661-010-0067(3).

On January 24, the city filed a motion to dismiss the appeal due to Towey petitioners' failure to file their petition for review by the due date of January 11. Attached to the city's motion was a letter from Thrive Hood River stating that it did not consent to an extension of time for filing the petition for review. On January 27, LUBA issued an order denying Towey petitioners' amended motion for extension of time to file their petition for review because it did not include written evidence of Thrive Hood River's consent. LUBA stated in its order that, although it was "sympathetic to [Towey] petitioners' circumstances, [it did] not have discretion to waive the petition for review deadline in the absence of [Thrive Hood River's] written consent to an extension."

In denying the motion for extension of time, LUBA relied on ORS 197.830(11), which provides that a petition for review and supporting brief shall be filed within the deadlines established by LUBA by rule under ORS 197.830(13).[5] As noted above, the deadline to file a petition for review is found in OAR 661-010-0030(1) which provides:

> "Unless the Board orders otherwise pursuant to ORS 197.830(10)(a), the petition for review together with four copies shall be filed with the Board within 21 days after the date the record is received or settled by the Board. See OAR 661-010-0025(2) and 661-010-0026(6). The petition shall also be served on the governing body and any party who has filed a motion to intervene. Failure to file a petition for review within the time required by this section, and any extensions of that time under OAR 661-010-0045(9) or 661-010-0067(2), shall result in dismissal of the appeal and forfeiture of the filing fee and deposit for costs to the governing body. See OAR 661-010-0075(1)(c). Co-petitioners who file a single Notice of Intent to Appeal shall be limited to a single, joint petition for review."

LUBA also relied on OAR 661-010-067(2), which states, in part, "[e]xcept as provided in this section, in no event shall the time limit for the filing of the petition for review be extended without the written consent of all parties." LUBA stated that the "deadline for filing the petition for review is

---

[5] ORS 197.830(13)(a) states that "[t]he board shall adopt rules establishing deadlines for filing petitions and briefs and for oral argument."

strictly enforced," and held that Towey petitioners' motion for extension of time to file their petition for review was denied and that LUBA would not consider their petition for review. At the time LUBA ruled on the motion for extension of time, the responses to the city's motion to dismiss were not yet due and had not been filed; LUBA suspended all other case deadlines pending the outcome of the motion to dismiss.

Towey petitioners filed a motion for reconsideration of the denial of their motion for an extension and a response to the city's motion to dismiss. Crowley also filed a response to the city's motion to dismiss. No one disputed that the petition for review was due on January 11, 2022, and that Towey petitioners did not file their petition for review by that date. In their motion for reconsideration, Towey petitioners argued that LUBA could excuse the late filing of their petition for review notwithstanding Thrive Hood River's nonconsent. In response to the motion to dismiss, Towey petitioners and Crowley argued that, whether or not LUBA allowed Towey petitioners' late petition for review, the appeal must proceed to a resolution on the merits of the assignments of error in Crowley's brief, which was timely filed. The city argued that, because Crowley did not file her own notice of appeal, her appeal is contingent on Towey petitioners' appeal, and if LUBA dismissed Towey petitioners' appeal, the appeal must be dismissed in its entirety. LUBA agreed with the city and issued its final opinion and order on March 21, 2022, in which it granted the city's motion to dismiss the appeal.

On review before us, Towey petitioners argue in their first assignment of error that LUBA erred when it concluded that it did not have discretion to extend the due date for the filing of their petition for review "(1) where filing by the due date would have caused [them] to incur substantial health risks due to the extraordinary and unanticipated circumstances that existed on that date as a result of the Covid pandemic, and (2) where not allowing an extension of the petition due date would result in substantial prejudice" to their rights. Respondents[6] respond that LUBA correctly and plausibly concluded that there is no basis in statute,

---

[6] The City of Hood River and Thrive Hood River filed a joint answering brief on judicial review.

administrative rule, or appellate case law for the discretion that Towey petitioners claim that LUBA has.

"LUBA is entitled to deference in the interpretation of its own administrative rule[s] if its interpretation is plausible and not inconsistent with the rule, the rule's context, or any other source of law." *Maguire v. Clackamas County*, 250 Or App 146, 162, 279 P3d 314 (2012) (citing *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994)). Towey petitioners rely on LUBA's order in *Confederated Tribes of the Warm Springs Reservation v. Jefferson County*, 42 Or LUBA 597 (2002), for the proposition that LUBA had discretion here to grant their requested extension of time. However, the circumstances in *Confederated Tribes* are distinguishable from those here. In that case, LUBA extended the due date for the petition for review on its own motion under OAR 661-010-0065(4) because of its *own administrative error* that had prejudiced the substantial rights of parties through no fault of their own.

Here, LUBA explained that "OAR 661-010-0067(2) is clear that, '[e]xcept as provided in this section, in no event shall the time limit for the filing of the petition for review be extended without the written consent of all parties.'" No one disputes that Towey petitioners did not have written consent of Thrive Hood River. LUBA's conclusion that it could not extend the petition for review due date is a plausible interpretation of OAR 661-010-0067(2) and is not inconsistent with the rule or the rule's context or any other source of law. LUBA did not err in that regard.

In their second assignment, Towey petitioners contend that, assuming LUBA did not have discretion to extend the filing deadline, LUBA erred in dismissing the appeal as to Towey petitioners and as to Crowley, who had timely filed a petition for review. Crowley likewise challenges LUBA's granting of the city's motion to dismiss.[7]

---

[7] Crowley raises three assignments of error; however, the "assignments" challenge various components of LUBA's reasoning that resulted in its decision to dismiss the appeal. "Thus, [the assignments] are more properly understood as separate arguments in support of a single assignment of error." *Wirth and Wirth*, 319 Or App 169, 171 n 1, 509 P3d 685 (2022). Assignments of error are made to a ruling, not the reasoning for the ruling. *See* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged.")

Towey petitioners contend that LUBA did not have the authority to dismiss the appeal as to Towey petitioners or Crowley because Crowley's timely-filed petition for review qualified under OAR 661-010-0030(1) as a petition for review that would prevent dismissal of the appeal. Crowley contends that LUBA has made implausible interpretations of both its enabling statutes and its rules. She argues that LUBA did not have statutory authority to dismiss the appeal, that LUBA added a "jurisdictional requirement" that a petition for review must be filed by a party other than an intervenor, which exceeded its statutory authority, and that LUBA impermissibly limited her party status. To the extent that the parties' arguments overlap, we consider them together.

In its final opinion and order, LUBA explained that the issues raised by the motion to dismiss required it to interpret its own rule, OAR 661-010-0030(1), which, again, provides:

"Unless the Board orders otherwise pursuant to ORS 197.830(10)(a), the petition for review together with four copies shall be filed with the Board within 21 days after the date the record is received or settled by the Board. See OAR 661-010-0025(2) and 661-010-0026(6). The petition shall also be served on the governing body and any party who has filed a motion to intervene. *Failure to file a petition for review within the time required by this section, and any extensions of that time under OAR 661-010-0045(9) or 661-010-0067(2), shall result in dismissal of the appeal* and forfeiture of the filing fee and deposit for costs to the governing body. See OAR 661-010-0075(1)(c). Co-petitioners who file a single Notice of Intent to Appeal shall be limited to a single, joint petition for review."

(Emphasis added.) The issues raised before us reduce to the question whether LUBA's interpretation of OAR 661-010-0030(1) was plausible, which, as explained above, includes an assessment of whether LUBA's interpretation of its rule was inconsistent with the rule or the rule's context or any other source of law.

We begin with Crowley's contention that LUBA does not have authority to dismiss an appeal once a notice of intent to appeal has been timely filed. Crowley's assertion that LUBA did not have statutory authority to dismiss

the appeal is based on her interpretation of ORS 197.830(1) and ORS 197.820. She argues that "ORS 197.830(1) specifies that it is the timely filing of a [notice of intent to appeal] that 'shall *** commenc[e]' the Board's review proceeding ***. At that point, LUBA is directed in mandatory terms by ORS 197.820 to conduct review proceedings upon all filings that comply with provisions of ORS 197.830." She then asserts, citing ORS 197.835, that LUBA is authorized by statute only to affirm, reverse, or remand a land use decision and that no statute specifies that LUBA may dismiss an appeal. And, in addition, that ORS 197.820(4)(a) and ORS 197.830(13)(a) authorize administrative management of appeals, but do not provide authority to dismiss. In response, respondents argue that LUBA has the implied power to dismiss an appeal as a necessary part of carrying out the power expressly granted to it by statute.

We turn to the statutes. To determine the intent of the legislature, we use the statutory construction analysis set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). We examine the text in context along with any legislative history to the extent it is helpful. *Gaines*, 346 Or at 171-72. ORS 197.830 provides, in part:

"(1)   Review of land use decisions or limited land use decisions under ORS 197.830 to 197.845 shall be commenced by filing a notice of intent to appeal with the Land Use Board of Appeals.

"(2)   *** *a person may petition the board for review of a land use decision* or limited land use decision *if the person*:

"(a)   *Filed a notice of intent to appeal* the decision as provided in subsection (1) of this section; and

"(b)   Appeared before the local government, special district or state agency orally or in writing.

"*****

"(7)(a)   Within 21 days after a notice of intent to appeal has been filed with the board under subsection (1) of this section, any person described in paragraph (b) of this subsection *may intervene in and be made a party to the review*

*proceeding* by filing a motion to intervene and by paying a filing fee of $100.

"(b)   Persons who may intervene in and be made a party to the review proceedings, as set forth in subsection (1) of this section, are:

"(A)   The applicant who initiated the action before the local government, special district or state agency; or

"(B)   Persons who appeared before the local government, special district or state agency, orally or in writing.

"(c)   Failure to comply with the deadline or to pay the filing fee set forth in paragraph (a) of this subsection shall result in denial of a motion to intervene.

"* * * * *

"(11)   A *petition for review* of the land use decision or limited land use decision and supporting brief *shall be filed with the board as required by the board under subsection (13)* of this section.

"(12)   The *petition* shall include a copy of the decision sought to be reviewed and shall state:

"(a)   The facts that establish that the *petitioner* has standing.

"(b)   The date of the decision.

"(c)   The issues the *petitioner* seeks to have reviewed.

"(13)(a)   The *board shall adopt rules establishing deadlines for filing petitions and briefs* and for oral argument."

(Emphases added.)

        A plain reading of those statutory provisions leads to the conclusion that the legislature intended for LUBA to consider petitions from a *person who filed a notice of intent to appeal* and who otherwise has standing to seek review of a land use decision. Subsection (1) of ORS 197.830 states that the way to commence the review of a land use decision is to file a notice of intent to appeal, and subsection (2) goes on to specify that a person may petition for review if the person filed a notice of intent to appeal. It follows from a contextual reading of the statute that the later subsections—(11) and (12)—that use the words "petition for review" and

"the petitioner" are referring to the person and the petition from subsections (1) and (2). Subsection (7), which addresses intervention, is silent regarding any permissible filings—other than a motion to intervene—by an intervenor.

In addition, ORS 197.820 provides that LUBA "shall conduct review proceedings upon petitions filed in the manner prescribed in ORS 197.830," and that LUBA "shall adopt rules governing * * * [t]he conduct of review proceedings brought before it under ORS 197.830 to 197.845." ORS 197.820(1), (4)(a). LUBA is also required to "adopt rules establishing deadlines for filing petitions and briefs and for oral argument." ORS 197.830(13)(a). Further, ORS 197.835(1) provides, in part, that LUBA "shall review the land use decision or limited land use decision and prepare a final order affirming, reversing or remanding the land use decision or limited land use decision." We disagree with Crowley's contention that those statutory provisions operate as a bar to LUBA having authority to dismiss an appeal.

The Supreme Court has explained that

"[a]n agency is a creature of statute. It has no inherent power, but only such power and authority as has been conferred upon it by its organic legislation. This power includes that expressly conferred by statute as well as such implied power as is necessary to carry out the power expressly granted."

*Ochoco Const. v. DLCD*, 295 Or 422, 426, 667 P2d 499 (1983) (citations omitted). Here, the legislature has instructed LUBA to adopt rules to govern their proceedings and to establish deadlines for filing petitions and briefs. It follows that LUBA would have the implied power to establish consequences for a party who did not follow the deadlines and procedures it had implemented. The express language in ORS 197.835(1)—that LUBA's final order should affirm, reverse or remand the land use decision—does not persuade us that the legislature intended differently. Rather, that text simply assumes an appeal that is properly before LUBA.

Crowley also contends that LUBA erred by "exceeding its statutory authority when it added an additional

jurisdictional requirement that a petition for review must be filed by a party other than an intervenor-petitioner." She argues that LUBA has jurisdiction as long as a statutorily compliant notice of intent to appeal is in effect and until the timeline has run for filing a petition for judicial review. We do not understand LUBA's ruling here to have added a jurisdictional requirement, and we reject Crowley's characterization of it as such. Rather, LUBA explained in its final opinion and order that

> "ORS 197.820(4)(a) provides that '[LUBA] shall adopt rules governing * * * [t]he conduct of review proceedings brought before it under ORS 197.830 to 197.845.' ORS 197.830(11) and (13) delegate to LUBA authority to 'adopt rules establishing deadlines for filing petitions and briefs.' OAR 661-010-0030(1) was enacted within that authority and requires dismissal of this appeal. OAR 661-010-0005 provides that failure to comply with the time limit for filing a petition for review under OAR 661-010-0030(1) is not a technical violation."

LUBA applied its own rule that it had adopted in conformance with the statutory mandate to adopt rules governing the conduct of review proceedings and to establish deadlines for filing petitions and briefs. When there was no timely petition filed by the Towey petitioners in accordance with the rules LUBA had promulgated, it dismissed the appeal.

Crowley also contends that LUBA limited her party status by denying "her capacity to file a petition for review and to present and argue assignments of error." She argues that because ORS 197.830(7) permitted her to intervene and "be made a party" to the appeal that she should not have been treated as "not equivalent" by LUBA. In its final opinion and order, LUBA addressed Crowley's contention that as an intervenor, she is a party to the appeal under ORS 197.830(7) and that LUBA could not construe OAR 661-010-0030(1) in contravention of that statute to prevent her from submitting her case. LUBA concluded that "ORS 197.830(7) does not confer upon an intervenor independent statutory standing to maintain an appeal that must otherwise be dismissed under OAR 661-010-0030(1)," and disagreed with Crowley that dismissal of the appeal violated ORS 197.830(7). LUBA explained that

"[t]he statutory scheme for standing in ORS 197.830 differentiates between a petitioner, who files a notice of intent to appeal, and an intervenor, who files a motion to intervene. ORS 197.830(1) provides that LUBA review is commenced by filing a notice of intent to appeal. ORS 197.830(2)(a) provides that a person may petition the board for review if the person filed a notice of intent to appeal. ORS 197.830(7) permits certain persons to intervene in the review proceeding, and our rules permit intervenors to file briefs. However, nothing in ORS 197.830 provides an intervenor with a right to independently maintain an appeal where our rules otherwise require that the appeal be dismissed."

LUBA's reasoning comports with our interpretation of ORS 197.830, as explained above, and we further agree with LUBA's observation that nothing in ORS 197.830 provides Crowley with a right to independently maintain an appeal when LUBA's rules require dismissal.

Lastly, Towey petitioners and Crowley both assert that OAR 661-010-0030(1) should have correctly been interpreted to consider Crowley's "petition for review" as a filing that would qualify as the required filing under the rule. LUBA explained its reasoning for concluding otherwise as follows:

"We observe that ORS 197.830 refers to a petition for review and supporting brief. *See* ORS 197.830(11) ('A petition for review of the land use decision or limited land use decision and supporting brief shall be filed with the board as required by the board under subsection (13) of this section.'); ORS 197.830(13)(a) ('The board shall adopt rules establishing deadlines for filing petitions and briefs and for oral argument.'). Differently, LUBA's applicable rules of procedure refer to 'the petition for review' as the brief filed by the petitioner.

"The text of OAR 661-010-0030(1) provides that '*the* petition for review' is due within 21 days after the date the record is settled, that '[t]he petition shall also be served on the governing body and any party who has filed a motion to intervene,' and that, if '*a* petition for review' is not filed on time, the *appeal* (not the *petitioner*) will be dismissed. (Emphases added.) In a case with multiple petitioners, if *a* petition for review is filed on a timely basis, perhaps signed by only one petitioner, the appeal will not be dismissed. If,

however, no petitioner timely files a petition for review, the appeal will be dismissed. OAR 661-010-0030(1); *see also* OAR 661-010-0005 (failure to comply with the time limit for filing a petition for review under OAR 661-010-0030(1) is not a technical violation).

"Our conclusion that the phrase 'a petition for review' in OAR 661-010-0030(1) refers to a petitioner's brief is supported by ORS 197.830. ORS 197.830(11) refers to '[a] petition for review,' and ORS 197.830(12)(a) provides, 'The petition shall include a copy of the decision sought to be reviewed and shall state * * * [t]he facts that establish that the petitioner has standing.'

"Further support for our conclusion that OAR 661-010-0030(1) refers to a petitioner's brief, as opposed to an intervenor-petitioner's brief, is provided by the provision in OAR 661-010-0030(1) that failure to timely file a petition for review will result in forfeiture of the deposit for costs, an expense incurred by petitioners, not intervenors-petitioners.

"OAR 661-010-0075 also serves to clarify the distinction between petitioners' petition for review and intervenor-petitioner's brief, and the appropriate remedy. OAR 661-010-0075(1)(c) explains:

"'If a record has been filed and a petition for review is not filed within the time required by these rules, and the governing body files a cost bill pursuant to this section requesting forfeiture of the filing fee and deposit, the filing fee and deposit required by OAR 661-010-0015(4) shall be awarded to the governing body as costs of preparation of the record. See OAR 661-010-0030(1).'

"OAR 661-010-0015(4) concerns the deposit for costs and the filing fee for the notice of intent to appeal. Again, only a petitioner pays the deposit for costs. In addition, only a petitioner pays the filing fee for a notice of intent to appeal. An intervenor-petitioner does not file a notice of intent to appeal. An intervenor-petitioner pays a filing fee for intervention under OAR 661-010-0050(3)."

(Footnote omitted.)

LUBA further explained:

"OAR 661-010-0010(11) provides, '"Party" means the petitioner, the governing body and any person who intervenes as provided in OAR 661-010-0050. "Party" does

not include a state agency that files a brief under ORS 197.830(8) or an amicus participating under OAR 661-010-0052.' However, this definition does not mean that petitioners, governing bodies, and intervenors are equivalent within our rules. OAR 661-010-0030(1) provides that the petition for review shall be filed with LUBA within 21 days after the record is received or settled by LUBA and 'served on the governing body and any party who has filed a motion to intervene.' The plain language of that rule requires that the brief filed under OAR 661-010-0030 be served on intervenors, distinguishing them from petitioners."

(Footnote omitted.)

LUBA also pointed to additional rules that provide contextual support for a distinction between petitioners and intervenors in their rules. For example, OAR 661-010-0075(1)(b) lists intervenors and petitioners separately as potential prevailing parties:

"Costs may be recovered only for the items set forth in this subsection.

"(A)   If the petitioner is the prevailing party, the petitioner may be awarded the cost of the filing fee.

"(B)   If the governing body is the prevailing party * * *.

"* * * * *

"(D)   If an intervenor under OAR 661-010-0050 or a state agency under OAR 661-010-0038 is the prevailing party, the intervenor or state agency may be awarded the cost of the fee to intervene or to file a state agency brief."

And OAR 661-010-0050(2) provides that a party may intervene "*on the side of* the petitioner or the respondent." (Emphasis added.) Further, OAR 661-010-0050(6)(a) states that "[i]f intervention is sought as a petitioner, the brief shall be filed within the time limit for filing the petition for review, and shall satisfy the requirements for a petition for review in OAR 661-010-0030." As LUBA observed, "[i]f intervention is sought *on the side of a petitioner* and *as a petitioner*, it is sought as an intervenor-petitioner. Intervenors-petitioners do not become petitioners." (Emphases in original.) LUBA accordingly concluded "that the timely filing of intervenor-petitioner's brief does not cure the failure of petitioners to

timely file their petition for review." In other words, regardless whether Crowley's brief could be considered a petition for review, it could not save the appeal because it was not filed by a petitioner.

We have reviewed the context of these provisions and conclude that LUBA plausibly interpreted OAR 661-010-0030(1) to require dismissal of the appeal where no petitioners filed a petition for review on time and where no extension to the due date was obtained. We reject Towey petitioners' and Crowley's arguments that amount to a difference in opinion as to how to interpret the rule. LUBA is entitled to deference in the plausible interpretation of its own administrative rules, and we therefore affirm.

Affirmed.