No. 661          December 20, 2023          557

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Peggy Sue JACOBUS,
Judy Dahl, Ann Felber,
and Kurt Knabke,
*Petitioners,*

*v.*

KLAMATH COUNTY
and City of Chiloquin,
*Respondents.*

Land Use Board of Appeals
2023058; A182303

Argued and submitted November 8, 2023.

Charles W. Woodward, IV, argued the cause and filed the brief for petitioners.

Leah Samelson argued the cause for respondent City of Chiloquin. Also on the brief were Mark S. Bartholomew and Homecker Cowling, LLP.

No appearance for respondent Klamath County.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Petitioners seek judicial review of an order of the Land Use Board of Appeals (LUBA) that dismissed petitioners' appeal to LUBA. We affirm.

On July 18, 2023, petitioners filed with LUBA a notice of intent to appeal (NITA) a land use decision made by the Klamath County Board of Commissioners (the county). In the NITA, petitioners listed the legal counsel of the county as "County Counsel." On July 21, the day after LUBA received the NITA, LUBA issued an order explaining that petitioners had failed to list the name of the county's legal counsel in the NITA, as required by OAR 661-010-0015(3)(f)(B).[1] LUBA directed petitioners to file a corrected NITA and serve that corrected NITA on all persons entitled to be served under OAR 661-010-0015(2) within seven days of the order. The order further provided that, "[i]f a corrected NITA is not filed and served within seven days of the date of this order, [LUBA] will dismiss the appeal," and cited *Wendt v. City of Klamath Falls*, 81 Or LUBA 266, *aff'd*, 304 Or App 874 (2020). More than a month later, on August 25, LUBA issued its final order dismissing the appeal, because the deadline to file and serve a corrected NITA had passed, citing *Green v. Linn County*, ___ Or LUBA ___ (LUBA No 2021-068, Nov 9, 2021), *Wendt*, and *Bruce v. City of Hillsboro*, 32 Or LUBA 382 (1997), *aff'd on other grounds*, 159 Or App 495, 977 P2d 435 (1999).

Petitioners seek judicial review of that order.[2] We may reverse or remand LUBA's order only if we conclude that it is "unlawful in substance or procedure." ORS 197.850(9)(a).

___

[1] OAR 661-010-0015(3)(f)(B) provides:

"(3) Contents of Notice: The Notice shall be substantially in the form set forth in Exhibit 1 and shall contain:

"* * * * *

"(f) The name, address and telephone number of each of the following:

"* * * * *

"(B) The governing body and the governing body's legal counsel[.]"

[2] We note that petitioners have included documents with their opening brief that were not made part of the record on judicial review. We do not consider those extra-record documents. *See* ORS 197.850(8) ("Judicial review of an order issued under ORS 197.830 to 197.845 must be confined to the record. The court may not substitute its judgment for that of the board as to any issue of fact.").

Petitioners first argue that LUBA's order is unlawful in substance because LUBA misinterpreted OAR 661-010-0015(3)(f)(B) to require petitioners to list a specific attorney. We reject petitioners' argument because LUBA's interpretations is plausible and not inconsistent with the text or context of the rule or any other source of law. *Maguire v. Clackamas County*, 250 Or App 146, 162, 279 P3d 314 (2012) ("LUBA is entitled to deference in the interpretation of its own administrative rule if its interpretation is plausible and not inconsistent with the rule, the rule's context, or any other source of law."). The legislature has directed LUBA to adopt rules prescribing the "form and manner" in which a NITA shall be served and filed. ORS 197.830(9) ("The notice shall be served and filed in the form and manner prescribed by rule of the board[.]"). As relevant here, those rules include OAR 661-010-0015(3)(f)(B), which provides that a NITA must include the "name" of the governing body's legal counsel; OAR 661-010-0015(2), which requires service of the NITA on "the governing body, the governing body's legal counsel, and all persons identified in the [NITA] as required by subsection (3)(f) of this rule"; and OAR 661-010-0015(3)(i), which requires proof of service "upon all persons required to be named in the [NITA]." Given that text and context, it is a plausible interpretation of OAR 661-010-0015(3)(f)(B) that petitioners were required to identify the name of the county's legal counsel, serve that person with the NITA, and serve a NITA that contains the name of that legal counsel on all other required persons. Petitioners have not identified anything in the text or context of the rule or any other source of law that is inconsistent with LUBA's interpretation.

Petitioners next argue that LUBA could not dismiss the appeal because, under LUBA's rules, a technical error is not a basis for dismissal unless there was demonstrated prejudice to a party's substantial rights. *See* OAR 661-010-0005 ("Technical violations not affecting the substantial rights of parties shall not interfere with the review of a land use decision or limited land use decision."). Petitioners argue that failing to include the name of a specific county counsel is a technical error, and that there was no prejudice to the county, because the county and the county counsel's office were served with the NITA.

We also reject that argument. Important to our decision is that the basis for LUBA's dismissal of the appeal was petitioners' failure to respond to LUBA's order requiring petitioners to file and serve a corrected NITA. As demonstrated by LUBA's reliance on its cited decisions in the two orders, petitioners' failure to file and serve a corrected NITA when ordered to do so was not viewed by LUBA as a technical violation but as a jurisdictional defect in service on all required persons.[3] With that frame of the issue, petitioners' argument loses its persuasive force. Petitioners have not explained why it is legal error for LUBA to conclude that petitioners' failure to comply with its order is not a "technical violation" under OAR 661-010-0005, or why the failure to serve the NITA on all required persons—including a named county counsel—is not an issue of jurisdiction, as LUBA has consistently viewed it. We are required to defer to LUBA's plausible interpretations of its own rules, and it is plausible and not inconsistent with the text or context of the rule or any other source of law that petitioners' failure to correct and serve the NITA as ordered was not a technical violation under OAR 661-010-0005.

Finally, petitioners argue that LUBA violated their procedural due process rights by using first-class mail to serve the order requiring petitioners to file a corrected NITA. Petitioners argue that, particularly given the short timeframe for a response to the order, LUBA was required to provide notice by email. We summarily reject that

---

[3] *See Green*, ___ Or LUBA at ___ (LUBA No 2021-068, Nov 9, 2021) (slip op at 4) (granting intervenor's motion to dismiss because petitioner failed to serve a copy of the original and amended NITAs on intervenor; stating that "LUBA will dismiss an appeal if, after being provided by LUBA with the opportunity to serve all parties entitled to NITA service, petitioners continue to fail to serve all parties entitled to NITA service"); *Wendt*, 81 Or LUBA at 268 (dismissing appeal after petitioner failed to correct and properly serve the NITA after being ordered by LUBA to do so or the appeal would be dismissed; explaining that failure to serve the NITA on all persons as required by OAR 661-010-0015(2) is jurisdictional); *Bruce*, 32 Or LUBA at 386-87 (granting city's motion to dismiss; concluding it lacked jurisdiction because of petitioner's failure to serve parties other than the city, as required by OAR 661-010-0015(2), after being ordered to do so; explaining that late service is a technical violation while failure to serve is jurisdictional). *See also Towey v. City of Hood River*, 321 Or App 414, 424, 516 P3d 738 (2022) (holding that, based on the instruction from the legislature to LUBA to adopt rules governing its proceedings, "[i]t follows that LUBA would have the implied power to establish consequences for a party who did not follow the deadlines and procedures it had implemented").

argument, because LUBA's use of first-class mail was constitutionally sufficient. *See, e.g.*, *Mullane v. Central Hanover Bank & Tr. Co.*, 339 US 306, 314, 70 S Ct 652, 94 L Ed 865 (1950) (due process requires that interested parties receive "notice reasonably calculated, under all circumstances, to apprise parties of the pendency of the action and afford them an opportunity to present their objections").

Affirmed.