No. 133　　　　February 20, 2025　　　　165

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kathryn PHILLIPS,
*Petitioner,*

*v.*

POLK COUNTY
and David Harris,
*Respondents.*

Land Use Board of Appeals
2024031;
A185891

Argued and submitted January 6, 2025.

Kathryn J. Phillips argued the cause and filed the brief for petitioner, *pro se*.

Morgan Smith argued the cause and filed the brief for respondent Polk County.

No appearance for respondent David Harris.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

Petitioner seeks judicial review of the final order and opinion of the Land Use Board of Appeals (LUBA) dismissing her appeal of the decision of the Polk County Board of Commissioners that vacated an unimproved county right of way that bisects her property. LUBA dismissed the appeal because petitioner did not file a petition for review. It did not reach the merits of petitioner's appeal.

We have jurisdiction to review LUBA's final order and opinion under ORS 197.850. Our review is confined to the record that was before LUBA when it made its decision. ORS 197.850(8). We may reverse or remand only when we find LUBA's order to be unlawful, unconstitutional, or unsupported by substantial evidence in the record as to facts found by LUBA. ORS 197.850(9). The facts relevant to our decision are undisputed and procedural. The sole question is whether it was error for LUBA to dismiss petitioner's appeal on the procedural ground that she failed to file a petition for review. Although petitioner identifies the LUBA order and opinion as the subject of her petition for judicial review, she does not explain why it was error for LUBA to dismiss her appeal of the county's decision to vacate the right of way after she failed to file a petition for review with LUBA. The arguments contained within petitioner's opening brief focus instead on the merits of the underlying county decision to vacate. But the decision of the county to vacate the subject right of way is not before us and we express no opinion about the propriety of that decision. We note that petitioner appeared before us at oral argument and suggested that she may have had some difficulty complying with LUBA's briefing schedule. We appreciate petitioner's candid acknowledgment at that time that she, in fact, did not file a petition in her LUBA appeal. However, she offered no authority or argument—in her brief or at oral argument—as to why that difficulty rendered LUBA's order dismissing her appeal erroneous, and we are aware of none. LUBA's decision to dismiss petitioner's appeal after she failed to file the petition as required by OAR 661-010-0030(1) was appropriate. *See Towey v. City of Hood River*, 321 Or App 414, 424, 516 P3d 738 (2022) (explaining that LUBA has the authority to

"establish consequences for a party who did not follow the deadlines and procedures [LUBA] had implemented").

Affirmed.